UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20086-CR-GRAHAM/GOODMAN

UNITED STATES OF AMERICA

v.

LUIS MACHADO,

   Defendant.
_____/

## REPORT AND RECOMMENDATIONS ON CHANGE OF PLEA

**THIS CAUSE** is before the Undersigned on the District Court's Order of Reference [ECF No. 21] to conduct a change of plea hearing for the acceptance of the defendant's guilty plea, and the Undersigned, having conducted the hearing, recommends to the District Court as follows:

1. On April 22, 2013, the Undersigned convened a hearing to permit the defendant to enter a change of plea. The Undersigned advised the defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, the Undersigned advised the defendant that the Undersigned was conducting the change of plea hearing on an Order of Reference from the District Court and with the agreement of the defendant, the defendant's attorney, and the Assistant United

States Attorney assigned to this case. The Undersigned further advised the defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2.  The Undersigned advised the defendant that the defendant did not have to permit the Undersigned United States Magistrate Judge to conduct this hearing and could require that the change of plea hearing be conducted only by a United States District Judge. The defendant, the defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the Undersigned conducting the change of plea hearing.

3.  The Undersigned conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

4.  There is a written plea agreement that has been entered into by the parties in this case. The Undersigned reviewed the plea agreement on the record and had the defendant acknowledge that the defendant signed the plea agreement. The Undersigned also made certain that the defendant was aware of any minimum mandatory sentences and maximum sentences which could be imposed in this case pursuant to the plea agreement and the applicable statutes.

5. The defendant pled guilty to **Counts I and II** as set forth in the Indictment as follows:

**Count I**: **Conspiracy to Defraud the United States and to Receive Health Care Kickbacks (18 U.S.C. § 371)**

1. Paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning on or about July 5, 2011, and continuing through on or about February 8, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**LUIS MACHADO**,

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with Juan Jose Almanza, Lucia Fernandez, and others known and unknown to the Grand Jury, to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the United States Department of Health and Human Services in its administration and oversight of the Medicare program; and to commit certain offenses against the United States, that is: to violate Title 42 United States Code, 1320a-7b(b)(1)(A), by knowingly and willfully soliciting and receiving remuneration, including any kickback and bribe, directly and indirectly, overtly and covertly, in cash and in kind, including by check, in return for referring an individual to a person for the furnishing and arranging for the furnishing of an item and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by: (1) paying and accepting kickbacks and bribes for referring Medicare beneficiaries so that their Medicare beneficiary numbers would serve as the bases of claims filed for home health care; and (2) submitting and causing the submission of claims to Medicare for home health services that the co-conspirators purported to provide to those beneficiaries.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      **LUIS MACHADO** accepted kickbacks from FHS in exchange for recruiting Medicare beneficiaries to FHS, while knowing that FHS would in turn bill Medicare for home health services purportedly rendered for the recruited Medicare beneficiaries.

5.      **LUIS MACHADO** caused FHS to submit claims to Medicare for home health services purportedly rendered to the recruited Medicare beneficiaries.

6.      **LUIS MACHADO** caused Medicare to pay FHS, based upon home health services alleged to have been rendered to the recruited Medicare beneficiaries.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects, and purpose, at least one co-conspirator committed and caused to be committed, in the Southern District of

Florida, at least one of the following overt acts, among others:

1.     On or about July 5, 2011, **LUIS MACHADO** deposited and caused to be deposited FHS check number 2917 in the amount of $3,740 into DM Transportation's corporate bank account at Bank of America.

2.     On or about July 21, 2011, **LUIS MACHADO** deposited and caused to be deposited FHS check number 3084 in the amount of $7,480 into DM Transportation's corporate bank account at Bank of America.

3.     On or about September 16, 2011, **LUIS MACHADO** deposited and caused to be deposited FHS check number 3282 in the amount of $5,610 into DM Transportation's corporate bank account at Bank of America.

4.     On or about December 16, 2011, **LUIS MACHADO** deposited and caused to be deposited FHS check number 3492 in the amount of $7,260 into DM Transportation's corporate bank account at Bank of America.

5.     On or about January 6, 2012, **LUIS MACHADO** deposited and caused to be deposited FHS check number 3560 in the amount of $9,075 into DM Transportation's corporate bank account at Bank of America.

6.     On or about February 7, 2012, **LUIS MACHADO** deposited and caused to be deposited FHS check number 3644 in the amount of $1,760 into DM Transportation's corporate bank account at Bank of America.

   All in violation of Title 18, United States Code, Section 371.

**Count II**:                      **Conspiracy to Commit Health Care Fraud**
**(18 U.S.C. § 1349)**

       1.     Paragraphs 1 through 12 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

       2.     Beginning on or about July 5, 2011, and continuing through on or about February 8, 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**LUIS MACHADO**,

did knowingly and willfully combine, confederate and agree with Lucia Fernandez, Juan Almanza and others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items and services.

### PURPOSE OF THE CONSPIRACY

       3.     It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) paying and accepting kickbacks and bribes to Medicare beneficiaries in exchange for the use of their Medicare beneficiary numbers as the bases of claims filed for home health care; and (c) concealing the submission of false and fraudulent claims.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

4.      Lucia Fernandez and Juan Jose Almanza paid kickbacks to **LUIS MACHADO** in return for his recruiting Medicare beneficiaries to be placed at FHS.

5.      **LUIS MACHADO**, Lucia Fernandez, and Juan Jose Almanza caused FHS to submit false and fraudulent claims to Medicare on behalf of beneficiaries for services that **MACHADO**, Fernandez, and Almanza knew were not medically necessary.

6.      As a result of these false and fraudulent claims caused by **LUIS MACHADO**, Lucia Fernandez, and Juan Jose Almanza, Medicare made payments to FHS.

All in violation of Title 18, United States Code, Section 1349.

6.      The defendant further agreed to entry of a money judgment against him, in an amount of $455,000 which represents the proceeds of the offense to which he is pleading guilty and to forfeit all his interest in property, which is subject to forfeitures pursuant to 21 U.S.C. § 853(p), up to the value of the money judgment imposed against him. This property includes, but is not limited to, the real property identified in the plea agreement.

7. The government stated a factual basis for the entry of the plea, which included all of the essential elements of the crime to which the defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The defendant acknowledged the possible maximum penalty which could be imposed in this case.

8. Based upon all of the foregoing and the plea colloquy conducted by the Undersigned, the Undersigned respectfully recommends to the District Court that the defendant be found to have freely and voluntarily entered a guilty plea to Counts I and II of the Indictment, as more particularly described herein, that the defendant be adjudicated guilty of that offense, and that the defendant forfeit to the United States the real property identified in the plea agreement. [ECF No. 25].

9. A pre-sentence investigation is being prepared for the District Court by the United States Probation Office, and sentencing has been set for June 27, 2013 at 10:00 a.m., at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Courtroom 13-4, Miami, Florida.

**ACCORDINGLY,** the Undersigned respectfully recommends to the District Court that the defendant's plea of guilty be accepted, the defendant be adjudicated guilty of the offense to which a plea of guilty has been entered, that the defendant

8

forfeit to the United States the Property, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have 14 days from the date of this Report and Recommendations within which to file objections, if any, with the Honorable Donald L. Graham, United States District Judge assigned to this case. Failure to file timely objections waives a party's right to review issues related to the defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), *cited in United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED** at Miami, Florida, this 23rd day of April, 2013.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>Copies furnished to</u>:
Honorable Donald L. Graham
All Counsel of Record
United States Probation